UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>K. BROWN, et al.,<br><br>    Defendants. | 1:19-cv-00967-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Ricardo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 19, 2019, at the United States District Court for the Northern District of California. (ECF No. 1.) Plaintiff's motion to proceed *in forma pauperis*, was not submitted on the proper form, and the Clerk issued a notice on June 19, 2019, requiring Plaintiff to submit a new *in forma pauperis* application within 28 days. (ECF Nos. 2, 6.) Plaintiff did not submit a new application.

On June 27, 2019, Plaintiff's case was transferred to this court. (ECF No. 7.) On July 19, 2019, the court issued an order for Plaintiff to submit an application to proceed *in forma pauperis* on the form used by this court, or pay the $400.00 filing fee for this action, within

1

thirty days. (ECF No. 11.) The thirty-day time period has now passed, and Plaintiff has not filed a completed application to proceed *in forma pauperis* or paid the filing fee for this action. Therefore, Plaintiff failed to comply with the court's July 19, 2019 order.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 19, 2019. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not resolve payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee or submit a completed application to proceed *in forma pauperis* that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* who has not paid the filing fee for this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being

considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this case be dismissed based on Plaintiff's failure to obey the court's order of July 19, 2019.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 10, 2019**           **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE