UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ, | 1:19-cv-00967-AWI-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED** (ECF Nos. 4, 5, 22.) |
| vs. | |
| K. BROWN, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

I.      **BACKGROUND**

Ricardo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 19, 2019, at the United States District Court for the Northern District of California.  (ECF No. 1.)  On June 27, 2019, Plaintiff's case was transferred to this court.  (ECF No. 7.)

On June 19, 2019, Plaintiff filed two documents, each titled by Plaintiff "Objection Letter."  (ECF No. 4, 5.)  On May 21, 2020, Plaintiff filed a motion for preliminary injunction.

(ECF No. 22.)  The court construes these three documents as motions for preliminary injunctive relief.

## II.       PRELIMINARY INJUNCTIVE RELIEF

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.).  Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35, 38 S.Ct. 65, 62 L.Ed. 260 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); Lathrop v. Unidentified, Wrecked & Abandoned Vessel, 817 F.Supp. 953, 961 (M.D. Fl. 1993); Kandlbinder v. Reagan, 713 F.Supp. 337, 339 (W.D. Mo. 1989); Suster v. Marshall, 952 F. Supp. 693, 701 (N.D. Ohio 1996); see also Califano v. Yamasaki, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2) an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest." <u>Winter</u>, 555 U.S. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 22 (citation omitted).  "Under <u>Winter</u>, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  Section 3626(a)(2) also places significant limits upon a court's power to grant preliminary injunctive relief to inmates.  "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." <u>Gilmore v. People of the State of California</u>, 220 F.3d 987, 999 (9th Cir. 2000).

## III.  PLAINTIFF'S MOTIONS

### A.  <u>First Objection Letter (ECF No. 4.)</u>

In the first Objection Letter, Plaintiff requests a court order forcing prison authorities to comply with the timelines for prison appeals.  Plaintiff also requests a preliminary injunction ordering defendants Pfeiffer and J. Lewis to stop violating Plaintiff's rights, denying him medical care, and retaliating against him.  A large part of the letter describes prison appeals filed by Plaintiff, purportedly demonstrating that his appeals have not been responded to in a timely manner.

### B.  <u>Second Objection Letter (ECF No. 5.)</u>

In this letter, Plaintiff makes allegations against prison staff regarding several incidents occurring from August 7, 2011 to August 2, 2018, when Plaintiff was incarcerated at Solano County Jail, Pleasant Valley State Prison, Corcoran State Prison, Salinas Valley State Prison, and Kern Valley State Prison.  Plaintiff requests the court to "form an evaluation of adjudicate and for a justice of court of law."  (*sic*) (ECF No. 5 at 1.)

### C.      Motion for Preliminary Injunction (ECF No. 22.)

In his motion for preliminary injunction, Plaintiff requests a court order enjoining the defendants and other prison authorities at KVSP from assaults for hire, assaults by custody staff, assaults by prison doctors, and assaults by a person motivated solely by the pay.  Plaintiff also requests an order stopping the denial of serious medical care, inappropriate processing of medical grievances and inmate appeals, and daily threats, intimidations, and harassments.  Plaintiff sets forth examples of inappropriate behavior by prison staff and other inmates occurring in July 2018, July 2019, March 2019, February 2020, and April 2020.

### IV.     ANALYSIS

The court lacks jurisdiction to issue the orders granting preliminary injunctive relief sought by Plaintiff, because the orders would not remedy any of the claims upon which this case proceeds.  This case was filed against defendants at Kern Valley State Prison (KVSP) based on events occurring before June 19, 2019, the date the Complaint was filed.  Plaintiff now requests court orders for prospective relief to protect him from future assaults and other bad behavior by prison staff and other inmates at KVSP.  Because such an order would not remedy any of the claims in this case, the court lacks jurisdiction to grant the preliminary injunctions sought by Plaintiff.

If Plaintiff seeks adjudication by the court for claims that arose before Plaintiff filed the present Complaint on July 19, 2019, those claims should be brought in Plaintiff's Complaint.  All of Plaintiff's allegations and claims for the Complaint must be included in the Complaint itself.  To add claims to the Complaint at this stage of the proceedings, Plaintiff must file an amended complaint.

### V.      CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motions for preliminary injunctive relief, filed on June 19, 2019 and May 21, 2020, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

**(14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.   Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.   Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2020**                      **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE