UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,, | **1:19-cv-00967-AWI-GSA-PC** |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)** |
| v. | |
| K. BROWN, et al., | **THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |
| Defendants. | |

## I.   BACKGROUND

Ricardo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On September 26, 2019, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  The Complaint is now before the court for screening.  28 U.S.C. § 1915A.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions.  <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002).  Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic v. Twombly</u>, 550 U.S. 444, 555 (2007).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 556 U.S. at 678-79; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  <u>Id.</u>

III.   **SUMMARY OF ALLEGATIONS AND CLAIMS IN COMPLAINT**

Plaintiff is currently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred.  Plaintiff names as defendants K. Brown (Chief Executive Officer, KVSP) and C. Pfieffer (Warden, KVSP) (collectively, "Defendants").

Plaintiff's Complaint contains few factual allegations:

He alleges that on June 26, 2018, he submitted a CDCR 7328 requesting his health records, and on July 24, 2018, he submitted a request to be scheduled to review his health records. (ECF No. 1 at 3:5-6.)  Plaintiff indicates that he is bringing a First Amendment claim against

2

defendant K. Brown for violating "his rights secured by the Constitution or laws of the United States," and against defendant C. Pfieffer for "creat[ing] a policy or custom allowing or encouraging the illegal acts" or for gross negligence "in managing the people he was supposed to supervise."  (ECF No. 1 at 3:11-12, ECF No. 1-1 at 1:12-14.)  Attached to the Complaint are about 20 pages of documents consisting of prison grievance and appeal records.  Plaintiff appears to be dissatisfied with the results of two appeals, (1) KVSP-HC-18001252, in which he complains that his requests to review medical records were not properly processed; and (2) KVSP-0-18-03004, in which he seeks to recover his legal property and records that were confiscated on July 14, 2018.

As relief, Plaintiff requests "a court order and any additional relief this court deems just, proper, and equitable."  (ECF No. 1 at 3:18-19.)

## IV.   DISCUSSION

Plaintiff fails to state any cognizable claims against the named defendants.  To state a claim under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added).  Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  Iqbal, 556 U.S. at 676-77.

In the Complaint, Plaintiff fails to allege *facts* showing that any of the individual Defendants personally acted against him.  Plaintiff fails to attribute any personal act to any Defendant.  Plaintiff should identify a defendant by name and explain what happened, describing in detail what the defendant did to violate Plaintiff's rights.  Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

To the extent that Plaintiff seeks to bring a claim for Defendants' participation in confiscating his property, failing to supervise employees and improperly processing Plaintiff's grievances and appeals, the court shall provide Plaintiff with the legal standards for the claims it appears he wishes to bring.  Plaintiff shall have an opportunity to file an amended complaint,

curing the deficiencies in his claims.

**A.**    **Prison Appeals**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment."  Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."  Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance

v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

**B.** **Personal Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a plaintiff has no due process claim based on the defendants' unauthorized deprivation of his personal property—whether intentional or negligent—if a meaningful state post-deprivation remedy for his loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.").

**C.** **Failure to Supervise**

A claim for failure to supervise employees is a claim for negligence, which is a state law claim. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this

instance, the Court fails to find any cognizable federal claims in the Complaint.   Therefore, Plaintiff's state claims fail.

Plaintiff is also advised that the Government Claims Act requires exhaustion of state law claims with California's Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint.   Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims under § 1983 against any of the named Defendants.   The court shall dismiss the Complaint for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."   The court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.   Plaintiff is granted leave to file a First Amended Complaint within thirty days.   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934.   Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.   Iqbal, 556 U.S. at 677.   Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.   Jones, 297 F.3d at 934 (emphasis added).   Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.   Plaintiff should also note that he has not been

granted leave to add allegations of events occurring after the initiation of this suit on June 19, 2019.

///

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Complaint is DISMISSED for failure to state a claim, with leave to amend;

2.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified in this order;

4.  Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00967-AWI-GSA-PC; and

5.  Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed in its entirety for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 3, 2020**                     **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE