UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. BROWN, et al.,<br><br>　　　　Defendants. | 1:19-cv-00967 AWI-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 28) |

On September 21, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. ' 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Plaintiff argues that he cannot afford to retain counsel and he is not knowledgeable about the law. These conditions do not make plaintiff's case exceptional under Ninth Circuit law. Plaintiff's Complaint was dismissed on September 3, 2020, for failure to state a claim, and his First Amended Complaint, filed on September 21, 2020, awaits screening by the court.  (Docs. 26, 27.) Therefore, the court has not found any cognizable claims to date in plaintiff's complaints for which to initiate service of process, and no other parties have yet appeared.  The court finds it unlikely that Plaintiff will prevail on the merits of this case.  His claims concerning his prison appeals are not complex, and based on a review of the record in this case, the court finds that plaintiff can adequately articulate his claims.  Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 24, 2020**              **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE