1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   RICARDO MARTINEZ,,                    **1:19-cv-00967-AWI-GSA-PC**

12              Plaintiff,                  **FINDINGS AND RECOMMENDATIONS,**
                                            **RECOMMENDING THAT THIS CASE BE**
13        v.                                **DISMISSED, WITH PREJUDICE, FOR**
                                            **FAILURE TO STATE A CLAIM**
14   K. BROWN, et al.,                      **(ECF No. 28.)**

15              Defendants.                 **OBJECTIONS, IF ANY, DUE WITHIN**
                                            **FOURTEEN DAYS**
16

17

18

19   **I.      BACKGROUND**

20          Ricardo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

21   with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 19, 2019, Plaintiff filed the

22   Complaint commencing this action.  (ECF No. 1.)  On September 3, 2020, the court screened the

23   Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave

24   to amend.  (ECF No. 26.)  On September 21, 2020, Plaintiff filed the First Amended Complaint,

25   which is now before the court for screening.  28 U.S.C. § 1915A.  (ECF No. 27.)

26   **II.     SCREENING REQUIREMENT**

27          The court is required to screen complaints brought by prisoners seeking relief against a

28   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

5  dismiss the case at any time if the court determines that the action or appeal fails to state a claim

6  upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7      Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8  exceptions, none of which apply to § 1983 actions.  Swierkiewicz v. Sorema, N.A., 534 U.S. 506,

9  512 (2002).  Under federal notice pleading, a complaint is required to contain "a short and plain

10  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

11  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

12  of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S.

13  662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 444, 555 (2007).  While a plaintiff's

14  allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I

15  v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

16  omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as

17  true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v.

18  U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls

19  short of meeting this plausibility standard.  Id.

20  **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

21      Plaintiff is currently incarcerated at Kern Valley State Prison (KVSP) in Delano,

22  California, in the custody of the California Department of Corrections and Rehabilitation

23  (CDCR), where the events at issue in the First Amended Complaint allegedly occurred.  Plaintiff

24  names sole defendant K. Brown (Chief Executive Officer, KVSP) ("Defendant").

25      Similar to Plaintiff's original Complaint, Plaintiff's First Amended Complaint is not easy

26  to decipher and contains few factual allegations.  It appears that Plaintiff alleges that defendant

27  K. Brown is the reviewing authority who denied Plaintiff's CDCR 602 HC appeal on January 17,

28  2019, in which Plaintiff requested his medical records.

The following is Plaintiff's allegations setting forth a record of his requests for medical records that were denied:

On June 26, 2018, Plaintiff's CDCR 7385 request for medical records was denied.  On August 9, 2020, Plaintiff's request for medical records dated July 21, 2019, was denied, consultation at Delano Medical Center.  On June 17, 2020, Plaintiff's request for medical records dated June 17, 2020, was denied, consultation at San Joaquin Medical Center.  On May 13, 2020, Plaintiff's request for medical records dated May 12, 2019, was denied, consultation at UC San Diego.  On March 5, 2020, Plaintiff's request for medical records dated March 5, 2020, was denied, and on March 13, 2020, Plaintiff received incomplete records.  On February 20, 2020, Plaintiff's request for medical records dated November 6, 2015, was denied, and on March 3, 2020, Plaintiff refused to sign for incomplete laboratory results.  On January 1, 2020, Plaintiff's request for medical records dated June 27, 2019, and laboratory results from February 8, 2019, were denied.  On November 20, 2019, an invoice was signed to receive records of the MRI dated August 29, 2019, and consultations dated November 14, 2019, July 24, 2019, and March 21, 2019.  The documents were not provided.  On July 14, 2020, Plaintiff's request to be scheduled to review medical files was denied.  On June 2, 2020, Plaintiff's request to review medical files was denied.  On March 23, 2020, Plaintiff's request to review medical files was denied.  On March 4, 2020, Plaintiff's request to review medical files was denied.  Denied since 2015.

As relief, Plaintiff seeks a court order and any additional relief this court deems just, proper, and equitable.

**III.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

1  method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386,

2  393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v.

3  Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d

4  1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v.

5  Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law

6  amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the

7  federal Constitution, Section 1983 offers no redress."  Id.

8  To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

9  color of state law and (2) the defendant deprived him or her of rights secured by the Constitution

10  or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

11  Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

12  state law").  A person deprives another of a constitutional right, "within the meaning of § 1983,

13  'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act

14  which he is legally required to do that causes the deprivation of which complaint is made.'"

15  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

16  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be

17  established when an official sets in motion a 'series of acts by others which the actor knows or

18  reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479

19  F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles

20  the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp.,

21  637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010,

22  1026 (9th Cir. 2008).

23        **A.**      **Prison Appeals – Fourteenth Amendment Due Process Claim**

24  Plaintiff's allegations and claims are not easy to decipher, but it appears to the court that

25  Plaintiff brings a claim under the Fourteenth Amendment against defendant K. Brown for

26  improperly denying Plaintiff's health care appeal on January 17, 2019.  Plaintiff alleges that

27  defendant Brown, who had authority to respond to CDCR 602 HC (Health Care) appeals, denied

28  Plaintiff's appeal log no. KVSP HC-18001252 at the institutional level on January 17, 2019.  To

the extent that Plaintiff claims that Defendant improperly processed Plaintiff's prison appeal, Plaintiff fails to state a due process claim under the Fourteenth Amendment.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action.  Buckley, 997 F.2d at 495.  The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct.  "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance

1    v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-

2    PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

3          Thus, based on the foregoing, the court finds that Plaintiff fails to state a cognizable due

4    process claim under the Fourteenth Amendment.

5    **V.      RECOMMENDATIONS AND CONCLUSION**

6          For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable

7    claims under § 1983 against the named Defendant.  Therefore, the court should dismiss the First

8    Amended Complaint for failure to state a claim.

9          Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give

10   leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to

11   amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims

12   upon which relief may be granted under § 1983.  The court is persuaded that Plaintiff is unable

13   to allege any facts, based upon the circumstances he challenges, that would state a cognizable

14   claim.  "A district court may deny leave to amend when amendment would be futile."  Hartmann

15   v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined

16   above are not capable of being cured by amendment, and therefore further leave to amend should

17   not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir.

18   2000).

19         Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

20   1.     This case be DISMISSED, with prejudice, for failure to state a claim upon which

21         relief may be granted under § 1983; and

22   2.     The Clerk be directed to CLOSE this case.

23         These findings and recommendations will be submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days**

25   of the date of service of these findings and recommendations, Plaintiff may file written objections

26   with the court. The document should be captioned "Objections to Magistrate Judge's Findings

27   and Recommendations." Plaintiff is advised that failure to file objections within the specified

28   time may result in waiver of the right to appeal the district court's order.  Wilkerson v. Wheeler,

772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 25, 2020**                    **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE